ANSTEAD, Justice.
We have for review Florida Department of Revenue v. Share International, Inc., 667 So.2d 226 (Fla. 1st DCA 1995), in which the First District passed upon the following question certified to be of great public importance:
Whether, under the facts of this case, “substantial nexus” within the meaning set forth by the United States Supreme Court in Quill Corporation v. North Dakota, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992), and National Bellas Hess, Inc. v. Department of Revenue of Illinois, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967), exists which would permit Florida to require Share to collects sales and use taxes on all goods sold to Florida residents?
Share, 667 So.2d at 230. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative. Further, because the district court’s opinion and analysis are consistent with our views, we approve the district court opinion and adopt it as our own.
Share International, Inc. (Share) is a Texas corporation which engages in the business of manufacturing and distributing chiropractic supplies. Share, which sells its products primarily through direct mail solicitation out of its principal offices in Fort Worth, Texas, has no offices in Florida and no em *1363 ployees or agents residing in the state. Dr. James Parker is the president, director, sole employee and sole shareholder of the company. Dr. Karl Parker is a director and vice president of the company.
For three days in November in the years 1986, 1987, 1988, 1989, and 1991, James and Karl Parker were present at a national seminar held in Florida and served as speakers and coordinators. Approximately eighty-four percent of the chiropractors in attendance were from other states. The seminars were conducted by the Parker Chiropractic Resource Foundation (Foundation), also a Texas corporation, which is in the business of providing educational information and support for chiropractors. The Foundation, owned by James and Karl Parker, has no offices, employees, or agents in any state other than Texas. During the Florida seminars, Share’s products were displayed in an adjacent room and were available for purchase. Share registered with the Florida Department of Revenue (Department) and collected and remitted to the Department sales tax on items sold in Florida during the seminars. Other than its regular mail order sales, Share had no other contact with the State of Florida.
Under these facts, the district court upheld a trial court ruling that Share did not have a sufficient presence in the State of Florida, under controlling United States Supreme Court decisions, to permit the state to require Share to collect and remit Florida taxes on mail order sales to Florida residents. In a thorough analysis by Judge Barfield, the district court opinion discussed the controlling United States Supreme Court decisions and correctly applied their holdings to the facts of this case as established in the trial court.
Principally relying on National Geographic Society v. California Board of Equalization, 430 U.S. 551, 97 S.Ct. 1386, 51 L.Ed.2d 631 (1977), the district court held that the “slightest presence” of an out-of-state mail order company within the state was insufficient to permit the state, consistent with the Commerce Clause of the United States Constitution, to enforce a use tax against the out-of-state company. Rather, the court held the state may only enforce such a tax against an out-of-state company whose activities create a substantial nexus to the state. See Quill Corp. v. North Dakota, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992). While this law may require courts to fill in the gaps and give meaning to the terms “slightest presence” and “substantial nexus,” it is apparent that those are the standards established by the Supreme Court. We find no error in the district court’s interpretation and application of those terms here.
Further, we agree with the district court that the bright line test adopted in National Bellas Hess, Inc. v. Illinois Department of Revenue, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967), only serves to clearly insulate from state taxation out-of-state vendors whose sole activities in the taxing state are mail order sales. If such a company has additional connections to the taxing state, then those connections must be analyzed under the “substantial nexus” test discussed above.
Accordingly, we answer the certified question in the negative and approve the decision of the district court.